United States District Court
Middle District Of Florida
Ocala Division

Robert Lewis Morgan
v.
Warden, F.C.C. Coleman-Low

5:22 CV-666-PGB-PRL
Civil Case No. T.B.A
Crim. Case No. 16-CR-20652-RAR

Memorandum In Support Of Petition For Writ Of Habeas Corpus
(28 U.S.C. §2241)

COMES NOW, Robert Lewis Morgan, the petitioner, pro se, and respectfully files this memorandum brief in support of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. Petitioner is presently incarcerated at the Federal Correctional Complex Coleman-Low in Coleman, Florida. In support thereof, Petitioner states as follows:

Statement of the Facts

The Fifth Amendment to the United States Constitution prohibits loss of life, liberty, and property without due process of law. See U.S. Const. amend V. As of January 20, 2017, in defiance of the Fifth Amendment and subsequent Supreme Court rulings affirming this protection, the petitioner has been deprived of his liberty to live and move freely without having been afforded due process of effective assistance of counsel, as guaranteed by the Sixth Amendment. See Exhibit "A", Petitioners Affidavit. A more precise set of facts are set forth throughout this Memorandum Brief.

1

## ARGUMENT

### THE EXECUTION OF MY SENTENCE VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT BECAUSE I DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

Claims of ineffective assistance of counsel are governed by the Supreme Courts' decision in <u>Strickland v. Washington</u> 466 U.S. 668; 687-88, 694, 104 S.Ct. 2052, 2064-65, 2068, 80 L.Ed. 2d 674 (1984). In the context of a guilty plea, to succeed on any claim of ineffective assistance of counsel, a defendant must show that (1) the attorneys representatation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his counsels deficient performance, he would not have pleaded guilty and proceeded to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

### (i) Performance

In this case, defense counsel committed several unprofessional errors that amounted to performance below an objective standard of reasonableness for counsel in a criminal case. Petitioner asserts that counsel committed the following errors and

2

omissions:

> Counsel was constitutionally ineffective for failing to conduct any investigation into preparedness for defense to Counts 1, 6, and 7 before advising and assisting me into pleading guilty to "knowingly" committing these offenses

Petitioner asserts that his defense counsel provided constitutionally ineffective assistance of counsel for: (1) failing to conduct any investigation into whether petitioner "knew" that he had, in fact, possessed and used "another persons" means of identification to wire money to purchase and import "a Schedule I controlled substance" into the United States, and (2) advising and assisting petitioner into pleading guilty to "knowingly" committing the offenses charged, without determining whether the petitioner "knowingly" committed these offenses. See Woodard v. Collins, 898 F.2d 1027 (5th Cir. 1990)(holding "that a criminal defendant is constructively denied effective assistance of counsel when counsel fails to conduct any investigation into a count of the indictment."). As shown in the attached Affidavit, petitioner's defense counsel never inquired into whether the petitioner was aware of the fact that he had possessed and used "another persons" means of identification, nor did petitioners' defense counsel inquire into whether the petitioner was aware of the fact that "Flakka" was "a controlled substance" at the time he purchased and imported it into the United States. See Exhibit "A", Petitioners Affidavit.

3

See also <u>Cronic v. United States</u>, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d (1984).

The Supreme Court in Cronic reaffirmed the well-settled rule that "the Sixth Amendment requires not merely the provision of counsel to the accused in a criminal prosecution, but assistance to which is to be for his defense,... if no actual assistance for the accuseds' defense is provided, then the Constitutional guarantee has been violated." <u>Id. at 466 U.S. 654</u>. Petitioners defense counsel was aware of the fact that his client was being charged with "knowingly" violating 21 U.S.C. §963, 18 U.S.C. §1028A, and 18 U.S.C. §1956. Counsel never asked the petitioner did he know that he possessed and used "another persons" means of identification or did he know that Flakka was "a controlled substance" in preparation for defense. Petitioner has shown that no actual assistance for his defense was provided by his defense counsel during the criminal proceedings and thereby, meeting his burden of showing that his defense counsels' performance fell below an objective standard of reasonableness, in light of <u>Woodard v. Collins</u>, supra.

### (ii) Prejudice

As to the second prong of the <u>Strickland</u> test, the Woodard court held that when the defendant is constructively denied the assistance of counsel, as in this case, "prejudice is presumed." <u>See Cronic</u>. The Cronic court reasoned that a defendant is completly denied counsel if (1) the "accused is denied counsel at a critical stage in the proceedings" or if (2) the

4

counsel "fails to subject the prosecutors' case to meaningful adversarial testing." 466 U.S. at 659, 104 S.Ct. at 2047. As previously shown, the petitioner was denied effective assistance of counsel during the pre-trial stage of these proceedings. Accordingly, to satisfy the prejudice prong of the *Strickland* test, a defendant who shows that his attorney's performance fell below an objective standard of reasonableness, need only demonstrate that, but for the attorney's deficient performance, he would not have entered the guilty plea and proceeded to trial. As shown in the attached Affidavit, had the petitioner's defense counsel not negligently and erroneously advised and assisted the petitioner into falsely pleading guilty to these offenses, the petitioner would not have pleaded guilty, entered into the plea agreement and factual proffer and instead, insisted on proceeding to trial to put the Government to its burden of proveing that the defendant did, in fact, "knowingly" commit these offenses. Petitioner attaches hereto his affidavit supporting this claim. See Exhibit "A".

*Cronic* requires an attorney to provide "actual assistance for the accused's defense." My defense counsel was aware of the fact that I was charged with "knowingly" committing these offenses. Without inquiring into whether I "knowingly" committed these offenses, my defense counsel advised and assisted me into pleading guilty to "knowingly" committing these offenses. This Court's attention is referred to Petitioner's affidavit detailing the facts related to this claim. See Exhibit "A", Petitioner's affidavit. This Court must order the petitioner discharged from the detention and restraint of

Warden Gunther or conduct an evidentiary hearing to resolve the factual disputes.

## CONCLUSION

WHEREFORE based on the above, Robert Lewis Morgan, the petitioner moves this Honorable Court to issue the Writ of habeas corpus sought in this Petition.

Respectfully submitted on this 12th day of December, 2022.

By: *Robert Lewis Morgan*

# EXHIBIT "A"

United States District Court
Middle District Of Florida
Ocala Division

Robert Lewis Morgan
v.
Warden, F.C.C. Coleman-Low

Civil Case No. T.B.A.
Crim. Case No. 16-cr-20652-RAR

## Affidavit Of Truth In Support Of Petition For Writ Of Habeas Corpus
(28 U.S.C. § 2241)

Affidavit of Robert Lewis Morgan

I, Robert Lewis Morgan, hereby deposes and state:

1. I am Robert Lewis Morgan and I am over 18 years of age. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit.

2. In or around April of the year 2016, I used several counterfeit Florida Drivers Licenses to wire money to a Chinese chemical company to purchase and import "Flakka" into the United States.

3. Based on these acts, I was indicted on several offenses that are predicated on possessing and useing "another persons" means of identification to purchase and import "a controlled substance" into the United States.

1

4. In or around August of the year 2016, my defense counsel Paul D. Petruzzi, received a copy of the indictment which made him aware of the fact that I was being charged with "knowingly" violating 21 U.S.C. §963, 18 U.S.C. §1028A, and 18 U.S.C. §1956.

5. Dispite being aware of the fact that I was being charged with "knowingly" committing these offenses, at no time during any of our consultations together, did Counsel Petruzzi ask me if I knew that the counterfeit licenses bore the identification information of "another person", nor did he ask me if I knew that "Flakka" was "a controlled substance".

6. Had he asked me these questions, I would have let him know that I was unaware of these facts <u>at the time</u> I used the licenses to purchase and import the "Flakka" into the United States.

7. Had Counsel Petruzzi not negligently and erroneously advised and assisted me into falsly pleading guilty to "knowingly" committing these offenses, I would not have pled guilty to "knowingly" committing these offenses and instead, I would have insisted on proceeding to trial to put the Government to its burden of proveing that I, in fact, did "knowingly" commit these offenses.

I declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct. Executed on this 12th day of December, 2022.

By: *Robert Lewis Morgan*

2